**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

**Elizabeth Ryan**

   **v.**                                               Civil No. 08-cv-17-PB

**Commissioner, United States
Social Security Administration**

**O R D E R**

   I apologize to the parties if I did not clearly state my views concerning the medical evidence in the record supporting the claimant's contention that she was disabled as of the last date that she was eligible for an award of DIB. In the August 21, 2008 Order, I outlined the extensive medical and lay evidence in the record supporting Ryan's claim that she was disabled at a point when she would have been eligible for social security disability benefits ("DIB"). I also noted that, to reach the conclusion that Ryan was not disabled as of her date last insured, the ALJ "had to discount expert medical evidence in the record that supported Ryan's claim, and disregard lay testimony that ran counter to his decision." In my view, the evidence in the record supporting Ryan's claim that she was disabled as of

her date last insured is not merely ambiguous; it is strong enough that I would have awarded her benefits if I were in the ALJ's position.

The Commissioner also misreads my Order when he suggests that it requires a medical advisor whenever there is substantial evidence in the record to support a determination that the claimant is presently disabled and a dispute arises concerning onset date.  As I thought I explained, it is the existence of substantial medical and lay evidence in the record to support the view that the claimant was disabled as of her date last insured that makes a medical advisor necessary in this case.  Finally, it is erroneous to suggest that I based my ruling on Grebenick v. Chater, 121 F.3d 1193 (8th Cir. 1997).  Although I cited the case, it is from another circuit and is not controlling.  I based my Order on my own reading of the plain language of Social Security Ruling 83-20 and the evidence in the record that concerned Ryan's claim.

The Commissioner based his argument that SSR 83-20 was inapplicable in this case solely on the contention that the ruling did not apply because the ALJ never made a finding of disability.  My ruling focused on the argument that the Commissioner presented and explained why it was wrong.  Nothing

the Commissioner says in the current motion has caused me to reconsider that determination.

The motion to amend judgment (Doc. No. 13) is denied.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

September 19, 20018

cc: Seth Aframe, Esq.
Raymond Kelly, Esq.