UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE


**Elizabeth A. Ryan**

    v.                              Case No. 08-cv-17-PB
                                    Opinion No. 2009 DNH 047
**Michael J. Astrue, Commissioner,**
**US Social Security Administration**


                         **MEMORANDUM AND ORDER**

     On August 21, 2008, this court issued an opinion reversing

the Commissioner's denial of Social Security benefits to

Elizabeth Ryan and remanding to the ALJ for further findings and

rulings to properly apply Social Security Ruling ("SSR") 83-20.

Pursuant to 28 U.S.C. § 2412(d), the Equal Access to Justice Act

("EAJA"), Ryan now moves for an order awarding her attorney's

fees as a result of the court's decision.  The Commissioner

opposes Ryan's motion on the ground that the Commissioner's

position in litigation was substantially justified.

**A.   The Equal Access to Justice Act**

     The EAJA provides for an award of attorney's fees to a

prevailing party in a civil action against the United States.

See Nowd v. Rubin, 76 F.3d 25, 28 (1st Cir. 1996).  More

specifically, the EAJA entitles a party to an award of attorney's

fees and other expenses incurred by the party if: (1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States; (2) the position of the United States was not "substantially justified"; and (3) no "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); see Schock v. United States, 254 F.3d 1, 4 (1st Cir. 2001). The issue presently before the court concerns the Commissioner's substantial justification.

## B.    Substantial Justification

The Commissioner has the burden of showing that his position was substantially justified, but need only do so by a preponderance of the evidence. DeAllende v. Baker, 891 F.2d 7, 12 (1st Cir. 1989). To prevail, "[t]he government need not show that its position was 'justified to a high degree'; rather, it must show that its position was 'justified in substance or in the main-that is, justified to a degree that could satisfy a reasonable person.'" Schock, 254 F.3d at 5 (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)).

A court should consider the actual merits of the government's litigation position as to both the facts and the law. See Pierce, 487 U.S. at 568-69. The mere fact that the government did not prevail is not dispositive on the issue of

-2-

substantial justification, but neither is the fact that the government had success at some stage of litigation.  See Schock, 254 F.3d at 5.  In addition, "[w]hether one court agreed or disagreed with the government does not establish that the government's position was not substantially justified, but a string of court decisions going either way can be indicative."  Id. at 6.

**C.   Analysis**

In pertinent part, SSR 83-20 provides that "the administrative law judge ("ALJ") should call on the services of a medical advisor when onset [of a disability] must be inferred."  In this case, the ALJ had not consulted a medical advisor under SSR 83-20, finding that Ryan was not disabled as of the last date that she was eligible for an award of Disability Insurance Benefits.  In the underlying litigation, Ryan argued that the Commissioner erred in failing to appoint a medical advisor under SSR 83-20 to determine the onset date of disability.  In defending the denial of benefits, the Commissioner took the position that SSR 83-20 did not apply because the ALJ denied Ryan's claim without making a finding that she was disabled.  I disagreed with the Commissioner, concluding that a finding of current disability is not a prerequisite to applying SSR 83-20.

In reaching my conclusion, I noted a lack of clarity in the law "as to whether SSR 83-20 applies when the ALJ skips over the question of present disability and denies a DIB claim by determining that the claimant was not disabled as of her date last insured." Ryan v. Astrue, 2008 WL 3925081, at * 7 (D.N.H. Aug. 21, 2008). However, I found "no support for the Commissioner's position either in the language of SSR 83-20 or in the underlying policies that the ruling was designed to serve." Id. In addition, I noted that this was "precisely the kind of case that SSR 83-20 was intended to cover," because to make his finding that Ryan was not disabled as of her date last insured, the ALJ had to draw inferences concerning the onset date of her disability, discount expert medical evidence in the record that supported Ryan's claim, and disregard lay testimony that ran counter to his decision. Id. at *8.

Despite my holding in the underlying case, as the Commissioner now contends, the position he took was substantially justified to a degree that would satisfy a reasonable person. The Fifth, Sixth, and Seventh Circuits have held, consistent with the Commissioner's litigation position, that SSR 83-20 applies only where an ALJ has found that the claimant has a current disability. See Eichstadt v. Astrue, 534 F.3d 663, 667 (7th Cir.

2008); Nix v. Barnhart, 160 F. App'x 393, 396-97 (5th Cir. 2005); Scheck v. Barnhart, 357 F.3d 697, 701 (7th Cir. 2004); Key v. Callahan, 109 F.3d 270, 274 (6th Cir. 1997).  There was no binding First Circuit precedent on the issue of whether SSR 83-20 applies absent a finding of disability and Ryan did not cite a single case in support of applying SSR 83-20 during the course of the underlying litigation.  Thus, the caselaw reflected an ongoing debate on the issue of whether SSR 83-20 applied, and the Commissioner was substantially justified in pressing the legal argument.  Accordingly, Ryan's motion for attorney's fees is denied.

## **CONCLUSION**

For the foregoing reasons, Ryan's motion for an award of attorney's fees is denied (Doc. No. 17).

SO ORDERED.

/s/Paul Barbadoro  
Paul Barbadoro  
United States District Judge

April 3, 2009

cc:  Seth Aframe, Esq.  
     Raymond Kelly, Esq.